IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MERRILL, LYNCH, PIERCE, FENNER )
& SMITH INCORPORATED; )
DAVID T. HILLIARD, )
　)
   Plaintiffs, )
　) Case No. CIV-11-915-D
v. )
　)
DAMON C. REEL, )
　)
   Defendant. )

## **ORDER**

Upon examination of the Complaint, the Court finds insufficient factual allegations to establish federal question jurisdiction under 28 U.S.C. § 1331.[1] Plaintiffs allege only that the case arises under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. However, as the Supreme Court has noted:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983). Accordingly, while Plaintiffs in this case seek an order confirming an arbitration award rather than an order compelling arbitration, they must identify an independent basis of federal subject matter jurisdiction

---

[1] The Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,'" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

before this Court is empowered to act. *See P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999).

IT IS THEREFORE ORDERED that Plaintiffs shall file an amended complaint within 10 days of this Order to cure the jurisdictional deficiency in their pleading. Otherwise, this action is subject to a dismissal without prejudice for lack of jurisdiction.[2]

IT IS SO ORDERED this 17th day of August, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] This Order is not intended to preclude Plaintiffs from filing of a voluntary notice of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), within this 10-day period.